**WAN CHING SHEK, Plaintiff,**

v.

**P. A. ESPERDY, District Director, United States Immigration and Naturalization Service, Defendant.**

No. 69 Civ. 4155.

United States District Court
S. D. New York.

Oct. 20, 1969.

Michelman & Michelman, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., S. D. N. Y., by Daniel Riesel, Sp. Asst. U. S. Atty., John K. Speer, Gen. Atty., New York City, for defendant.

EDELSTEIN, District Judge.

### OPINION

This motion for a preliminary injunction restraining the defendant from deporting the plaintiff to Hong Kong pending a determination of plaintiff's application for a permanent residence visa was brought on by an order to show cause temporarily restraining the deportation of the plaintiff. The relevant facts are as follows:

Plaintiff is a native of China and a citizen of the Republic of China on Formosa. He entered the United States on March 12, 1967, as a crewman and was admitted for a period of not more than twenty-nine days, pursuant to 8 U.S.C. § 1282(a). Subsequently he deserted his vessel, accepted employment, and remained at large until apprehended by Immigration Officers on September 15, 1967, in New Jersey. A deportation

hearing was then commenced and on February 5, 1968, at the hearing, the plaintiff, through his counsel, conceded the charges made against him. The plaintiff was found to be deportable by an order dated February 5, 1968. He was afforded the privilege of voluntary departure under 8 U.S.C. § 1254(e) with deportation to Formosa in the event he failed to depart. The Special Inquiry Officer directed deportation to Hong Kong as an alternative to Formosa. (Formosa eventually gave notice of a refusal to accept the plaintiff.) Plaintiff failed to depart voluntarily as directed; a warrant of deportation was then issued. On three occasions thereafter the plaintiff was requested to appear at the office of the Immigration and Naturalization Service for an interview relating to his deportation. The plaintiff failed to appear each time, and finally, on September 15, 1969, he was directed to surrender for imminent deportation to Hong Kong on September 24, 1969.

Upon receipt of this notice the plaintiff applied to the District Director of the Immigration and Naturalization Service in Newark, New Jersey, for a stay of deportation. Previously, on September 4, 1969, the plaintiff had filed with the Immigration and Naturalization Service's District Director in Buffalo, New York, a petition for what is known as a sixth preference visa[1] on the ground that he is a skilled cook of Chinese foods. Plaintiff based his application for a stay of deportation on this petition, arguing that he should be allowed to remain in the United States pending final determination of his visa petition.[2] The application for the stay of deportation was denied on the grounds that plaintiff's presence in the United States was not necessary for further processing of his visa petition, and that, in addition, plaintiff was ineligible for a change of immigration status while in the United States. Thereupon this action was filed.

It is a legal commonplace to say that in order to succeed in this motion the plaintiff must show that he is likely to succeed on the merits in his action. He has not made this showing.

■ The application for a stay of deportation was addressed to the discretion of the District Director. 8 C.F.R. § 2434. In reviewing the exercise of that discretion a court cannot substitute its judgment for that of the District Director. Rather, it can only determine whether the District Director abused his discretion, that is, whether the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group, * * *." Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715, 719 (2d Cir. 1966); Lam Tat Sin v. Esperdy, 227 F.Supp. 482, 486 (S.D.N.Y.), aff'd. 334 F.2d 999 (2d Cir.) cert. den. 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 176 (1964).

■ The reasons given in support of the denial of plaintiff's application for a stay do not appear to be vulnerable under any possible ground of attack. The immigration status of alien crewmen like the plaintiff cannot be adjusted while they are in the United States. 8 U.S.C. § 1255(a). Further, the immigrant visa which the plaintiff has applied for can only be issued by a United States Consul at his office outside of the United States. 8 U.S.C. § 1101(a) (16). As Judge Barnes of the Ninth Circuit has

---

1. Section 203(a) of the Immigration Act of 1965, 8 U.S.C. § 1153(a) allocates visas on a world-wide basis according to a series of seven priorities, the sixth of which relates to qualified immigrants who are capable of performing skilled or unskilled labor for which a shortage of employable persons exists in the United States.

2. Plaintiff also stated in his application for a stay of deportation that he was ready and willing to pay his own passage to Hong Kong and that he had registered with the Selective Service and would like to serve in the army as a cook.

said in a case whose facts are very similar to the one at bar,[3] "[w]hile it may be more convenient for appellant to complete the required forms within this country * * * we must conclude that the district director's reason for refusing to stay deportation is sufficient on its face." [4]

Plaintiff's motion must accordingly be and hereby is denied. The temporary restraining order previously granted in his favor is dissolved.

So ordered.

3. Siu Fung Luk v. Rosenberg, 409 F.2d 555 (9th Cir. 1969), petition for cert. dismissed, 396 U.S. 801, 89 S.Ct. 2151, 24 L.Ed.2d 58 (U.S. July 1, 1969).

