**DIGILAB, INC. et al.**

**v.**

**The SECRETARY OF LABOR et al.**

**Civ. A. No. 72–1217.**

United States District Court,
D. Massachusetts.

May 4, 1973.

Joseph F. O'Neil, Boston, Mass., for plaintiffs.

Joseph L. Tauro, U. S. Atty., Frederic Kellogg, Asst. U. S. Atty., for defendants.

## OPINION

FREEDMAN, District Judge.

This action is before the Court on plaintiffs' motion for summary judgment seeking a declaratory judgment under 28 U.S.C. § 2201 and judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 704, 705 and 706 of the Regional Manpower Administrator's denial of labor certification. Plaintiff, Guillermo Ferla, had been offered and accepted employment with the plaintiff, Digilab, Inc., but the Manpower Administrator denied plaintiffs' application for certification. Defendants' motion for summary judgment and judgment on the pleadings has previously been denied by this Court in an order dated February 1, 1973.

After due consideration of oral arguments heard on April 13, 1972 and study of the memoranda of law supplied by the parties and the pleadings to date, the Court finds that there is no genuine issue of material fact in dispute and that the case is thereby ripe for summary judgment.

■ In previously denying defendants' motion for judgment on the pleadings, this Court ruled that it did have jurisdiction to review an administrative determination where there is an alleged abuse of discretion. Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir., 1971). On page 1102, the Court states, "Abuse of discretion may be found only

if there is no evidence to support the decision or if the decision is based on an improper understanding of the law."

■ In applying this test to the instant case, the Court finds that defendant Manpower Administrator has abused his discretion. The term "no evidence" as stated in Song Jook Suh v. Rosenberg, *supra,* cannot be interpreted to mean "any" evidence, no matter how little. It must be interpreted to mean evidence sufficient to satisfy what Congress has mandated in 8 U.S.C. § 1182(a)(14). That is, that there must be a determination by the Administrator that there are sufficient workers in the United States who are "able", "willing", "qualified" and "available" at the time of the application. Unless such a finding appears in the administrative record, an alien certification should not be denied under § 1182(a)(14)(A).

■ The administrative record in the case at bar indicates no more than that the determination was based on a listing in California of 200 electrical engineers. Nowhere does the record indicate that these 200 engineers were "able", "willing", "qualified" and "available" to the plaintiff corporation. The Court finds that the actions of the Administrator were not in compliance with the express requirements of the statute. Golabek v. Regional Manpower Administration, 329 F.Supp. 892 at 895 (D.C.Pa., 1971).

Two recent cases are in point with the position taken in this matter by this Court. Farino et al. v. Secretary of Labor et al., Decision and Order, U.S.D.C., N.D. of Illinois (E.Div.), No. 71–C–2495, and Bitang et al. v. Regional Man-Power Administrator, Memorandum of Decision, U.S.D.C., N.D. of Illinois (E.Div.), 351 F.Supp. 1342.

For reasons mentioned aforesaid, the Court orders that plaintiffs' motion for summary judgment be allowed and that the defendants issue the requested alien certification to plaintiff Ferla pursuant to 8 U.S.C. § 1182(a)(14).