**FIRST GIRL, INC.,**
Plaintiff,

v.

**REGIONAL MANPOWER ADMINIS-
TRATOR OF the UNITED STATES
DEPARTMENT OF LABOR,** Defend-
ant.

**No. 72 C 1100.**

United States District Court,
N. D. Illinois, E. D.

June 28, 1973.

Samuel D. Meyers, of Freedman,
Freedman & Myers, Chicago, Ill., for
plaintiff.

James C. Murray, Chicago, Ill., for
James R. Thompson, U. S. Atty., N. D.
Ill., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on cross motions for
summary judgment pursuant to Rule 56
of the Federal Rules of Civil Procedure.
This is an action seeking a declaratory
judgment pursuant to 28 U.S.C. § 2201
and review pursuant to the Administra-
tive Procedure Act, 5 U.S.C. § 704, of
defendant's denial of employment certi-
fication to certain alien stenographers
who sought entry to the United States.
Plaintiff, an Illinois corporation engaged
in placing secretaries in various business
offices on a temporary basis, proposes to

bring the aforesaid aliens to the United States as its full-time employees and to use them in fulfilling its "numerous contract commitments" for temporary workers.

In March of 1971 plaintiff applied for employment certification for and on behalf of three British stenographers: Carol Ann Ford, Christine Julie Austin, and Hazel Gillian Powell. Both the applications and the subsequent request for reconsideration thereof were denied by the Regional Manpower Administrator on the grounds (1) that there was no shortage of applicants for secretarial employment whose skills met plaintiff's requirements and (2) that plaintiff did not provide for its employees fringe benefits comparable to those enjoyed by most secretaries in this employment area.

The statutory basis for the denials is 8 U.S.C. § 1182(a)(14), which provides:

"(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligibile to receive visas and shall be excluded from admission into the United States:

\*   \*   \*   \*   \*   \*

(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed."

The Secretary of Labor has delegated the responsibility for such determinations to the Manpower Administration, Department of Labor.

Notwithstanding defendant's contention that the discretionary nature of the denials removes them from the purview of the Administrative Procedure Act, this Court has jurisdiction over the action. Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir. 1971); Golabek v. Regional Manpower Administration, 329 F.Supp. 892 (E.D.Pa.1971). However, defendant is correct in his assertion that the question for determination is whether defendant abused his discretion. Golabek v. Regional Manpower Administration, *supra*. The test to be applied in determining abuse of discretion is whether an examination of the administrative record reveals no evidence supporting defendant's decision. Song Jook Suh v. Rosenberg, *supra*; Bitang v. Regional Manpower Administrator, 351 F. Supp. 1342 (N.D.Ill.1972).

The administrative record indicates that the bases for the reviewing officer's decision were "availability data" submitted by the Illinois State Employment Service (hereinafter referred to as "ISES"), stating that there were 45 applicants currently registered with ISES whose skills met plaintiff's standards, and a United States Department of Labor Area Wage Survey for the Chicago Metropolitan Area (hereinafter referred to as "Wage Survey"). However, the record establishes only that a certain number of people who claimed to possess the requisite qualifications had registered with ISES. There was no showing that the persons listed were in fact qualified, were still available for employment, or were willing to work for an employer such as plaintiff—as specified in the provisions of 8 U.S.C. § 1182(a)(14).

Plaintiff has submitted the uncontroverted affidavit of plaintiff's personnel director, establishing that from at least 1968 plaintiff has made continual but unsuccessful efforts to secure needed personnel, among them advertising in Chicago newspapers and telephone directories, direct mail advertising, and regular listing with ISES and the Job Bank. Moreover, the affidavit asserts that in

response to plaintiff's standing order with ISES and Job Bank only two applicants were referred to plaintiff, both of whom failed plaintiff's qualifying skills test and one of whom mentioned that she had come for an interview only to prevent forfeiture of her unemployment benefits.

The Court finds no evidence to support defendant's determination that there was no shortage of applicants qualified, available, and willing to work in the type of employment offered by plaintiff.

With respect to defendant's determination that plaintiff's failure to provide appropriate fringe benefits would adversely affect the working conditions of workers in the United States similarly employed, the Court notes that plaintiff does not fall within the class of ordinary employers of secretaries. The unique nature of employment with plaintiff—including temporary work assignments, variety of offices assigned, and varying weekly work hours—must preclude comparison of its fringe benefits with those of more conventional employers. Recognizing this fact, the court in Golabek v. Regional Manpower Administration, *supra*, refused to compare salaries of parochial school teachers with those of public school teachers.

Defendant's analysis of prevailing fringe benefits was predicated solely upon the aforementioned Wage Survey, which provides information applicable to all office workers in the City of Chicago. The Court finds that this information is insufficient to support a finding that employment with plaintiff would not "include fringe benefits that prevail for U.S. workers similarly employed in the area of employment," the standard set forth in 29 C.F.R. § 60.6(b), for it is clear that other office workers in Chicago are not "similarly employed". Thus, the Court concludes that, since there is no evidence in the record supporting defendant's determination, the reviewing officer abused his authority in denying plaintiff's application for certification of the aliens which plaintiff intended to employ.

Accordingly, it is hereby ordered that plaintiff's motion for summary judgment is granted and that the action is remanded to defendant for the making of further determinations not inconsistent with this opinion.