Angela **RATNAYAKE** and the Town and Country Montessori School,
Plaintiff,

v.

Anita **MACK**, Regional Certifying Officer, Manpower Administration, U. S. Department of Labor, Defendant.

Chandrika **JAYASEKERA** and the Highland Park Montessori School,
Plaintiff,

v.

Anita **MACK**, Regional Certifying Officer, Manpower Administration, U.S. Department of Labor, Defendant.

Nos. 4–73 Civil 11, 4–73 Civil 12.

United States District Court,
D. Minnesota,
Fourth Division.

July 26, 1973.

John F. Niemeyer, West St. Paul, Minn., for plaintiffs.

Earl P. Gray, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

LARSON, District Judge.

This suit was brought by plaintiffs seeking to have this court review and set aside decisions of the Secretary of Labor denying to plaintiffs (both Ceylonese nationals) "labor certifications" for employment as preschool teachers at the Town and Country and Highland Park Montessori Schools.

As required by Part 60, Title 29, Code of the Federal Regulations, plaintiffs prepared and filed with the State Employment Service the following: (1) Form MA–7–50A (Statement of Alien Qualifications); and (2) Form MA–7–50B (Job Offer for the requested position at the Town and Country and Highland Park Montessori Schools.) These documents were then transmitted to the Regional Manpower Administration along with "other pertinent Availability Employment Data." After their review, the Certifying Officer for the Manpower Administration issued a determination denying the certification requested on the basis that "available job market information will not warrant a certification of unavailability of workers in the United States." From this determination plaintiffs petitioned for review, at which point the Reviewing Officer for the Manpower Administration affirmed the denial of alien certification.

Plaintiffs, on January 4, 1973, filed this action. On March 23, 1973, this Court granted defendant's motion to remand the matters to the Secretary of Labor for inclusion in the Administrative Record of further documentation to support the denial of certification. Thereafter, the Secretary of Labor, by its authorized representatives, again reviewed the issues involved in the case at hand and once again denied plaintiffs the certification requested.

This case is now before this court on cross motions for summary judgment. The sole issue is whether or not the Secretary of Labor, through his authorized representatives, acted arbitrarily in denying labor certifications to plaintiffs, ANGELA RATNAYAKE and CHANDRIKA JAYASEKERA. The court has considered the motions, the briefs and arguments of counsel and is of the opinion that the labor certifications in question were not arbitrarily denied.

The statutory basis for the denials is 8 U.S.C. § 1182(a)(14), which provides:

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\* \* \* \* \* \*

(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely

affect the wages and working conditions of the workers in the United States similarly employed.

The construction of 8 U.S.C. § 1182(a)(14) is important in that it provides that:

(a) Except as otherwise provided * * * aliens shall be *ineligible* * * * and shall be *excluded*:

(14) * * * *unless* the Secretary of Labor has determined and certified * * * that (A) there are not sufficient workers in the United States *and* (B) the employment * * * will not adversely affect wages and working conditions of the workers in the United States * * *

The language of the statute itself is clear—aliens are to be excluded unless the Secretary takes affirmative action and determines that there exists such a shortage of American labor available for the position in question that no American worker could or would perform such work and that such work would be compensable at rates and under working conditions under which similarly employed American workers are then receiving.

This Court has jurisdiction over the action, notwithstanding defendant's contention that the discretionary nature of the denials removes them from the purview of the Administrative Procedure Act. Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9 Cir. 1971); Golabek v. Regional Manpower Administration, 329 F.Supp. 892 (E.D.Pa.1971). The sole question on review is whether the defendant abused his discretion in denying the requested certifications. The test to be applied in determining abuse of discretion is whether, upon an examination of the administrative record, it can be said that there is no evidence to support the defendant's decision (Song Jook Suh v. Rosenberg, *supra*,) or whether it can be said that the defendant's decision was "made without a rational explanation, inexplicably departed from established policies." Wan Ching Shek v. Esperdy, 304 F.Supp. 1086, 1087 (S.D N.Y.1969). It is this Court's conclusion after application of the foregoing tests that the certifications in question were not arbitrarily denied.

In support of his decision, the Secretary has set forth the basis for his denials of the requested certifications with sufficient supporting documentation. The surplus of unemployed and underemployed teachers is a fact that unquestionably exists throughout the United States. This fact, compounded by reduced demand, has resulted in a severely restricted teacher job market with little or no hope for future relief.

The requirement that applicants, to be considered for employment at plaintiffs' schools, must have Association Montessori Internationale certification was justifiably viewed by the Secretary of Labor as being an unreasonable and unduly restrictive job requirement in that it precludes consideration of all educators, other than those possessing A.M.I. certification, without regard to their educational degrees, expertise, preschool training, or training in Montessori and/or other methods of preschool education. It is also noted in the Administrative Record that neither of the aliens in question possess more than the equivalent of a high school education coupled with Montessori School training in Ceylon. There has been no showing by plaintiffs that A.M.I. certification is absolutely essential or even reasonably necessary to the adequate performance of the duties of the jobs in question.

Consistent with all of the above, this Court concludes that the Secretary of Labor has acted properly in reaching his decision to deny and has neither abused his discretion nor acted improperly within the scope of his legal authority.