**FIRST GIRL, INC., Plaintiff-Appellee,**

v.

**REGIONAL MANPOWER ADMINISTRATOR OF the UNITED STATES DEPARTMENT OF LABOR, Defendant-Appellant.**

**No. 73-2009.**

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1974.

Decided July 2, 1974.

Rehearing and Rehearing En Banc Denied Sept. 11, 1974.

John L. Murphy, Chief, Government Regulations Section and Mary Jo Grotenrath, Atty. Crim. Div., Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., Chicago, Ill., for defendant-appellant.

Samuel D. Myers, Chicago, Ill., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, PELL, Circuit Judge, and MATTHES, Senior Circuit Judge.*

PER CURIAM.

First Girl, Inc., an Illinois corporation engaged in placing secretaries in business offices on a temporary basis, filed this action in the United States District Court for the Northern District of Illinois, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 and review of certain administrative action taken under 8 U.S.C. § 1182(a)(14) by the Regional Manpower Administrator (RMA).[1] First Girl's motion for summary judgment was granted by the district court, and the RMA has appealed, urging that the court erred in its finding that the administrative action of the RMA amounted to an abuse of discretion.[2] We affirm.

First Girl in this suit has attacked the denial of alien employment certification of three British secretaries by the Administrator, thereby precluding the entry of the aliens into the United States to assume permanent employment positions with First Girl, as a denial of procedural due process and an abuse of discretion. The fundament of First Girl's complaint is the assertion that the certifying official and reviewing official for the RMA had ignored certain evidence and misinterpreted other data in denying certification.[3]

After a remand to the RMA for the limited purpose of establishing the factual basis of the administrative action, the district court, as noted, granted summary judgment to First Girl and remanded to the RMA for further determinations consistent with the court's opinion. After analyzing the record submitted by the Administrator and

---

* Senior Circuit Judge M. C. Matthes of the Eighth Circuit is sitting by designation.

1. Section 1182(a)(14) authorizes the Secretary of Labor to determine whether an alien employment certification should be issued certifying that there are not sufficient workers in the United States who are "able, willing, qualified, and available" to perform the work sought by a particular alien and that the employment of the alien will not adversely affect wages and working conditions of United States workers. The Secretary of Labor has delegated this responsibility to the Regional Manpower Administrator. 29 CFR § 60.4 (1973).

2. The district court's memorandum opinion and order is reported at 361 F.Supp. 1339 (N.D.Ill.1973).

3. The RMA has abandoned the contention in its brief that First Girl is without standing to contest the denial of certification.

finding it lacking, the court in its memorandum opinion stated:

". . . [T]he question for determination is whether defendant abused his discretion. . . . The test to be applied in determining abuse of discretion is whether an examination of the administrative record reveals no evidence supporting defendant's decision." [Citing cases.]

361 F.Supp. at 1340.

"The Court finds no evidence to support defendant's determination that there was no shortage of applicants qualified, available, and willing to work in the type of employment offered by plaintiff.

\* \* \*

"Thus, the Court concludes that, *since there is no evidence in the record supporting defendant's determination*, the reviewing officer abused his authority in denying plaintiff's application for certification of the aliens which plaintiff intended to employ." [Emphasis supplied.]

*Id.*, at 1341.

Subsequent to the district court decision, this court rendered its opinion in a case similar to the present one, Secretary of Labor v. Farino, 490 F.2d 885 (7th Cir. 1973). In *Farino*, Judge Cummings writing for the court ruled that the denial of an alien employment certification is subject to review under § 10(e)(2)(A) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Relying upon the Supreme Court opinion in Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L. Ed.2d 136 (1970), Judge Cummings further held that the scope of review of the RMA decision was whether the denial of certification was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." To determine whether administrative action is unlawful under such a standard of review, the reviewing court must decide if the administrative decision "was based on a consideration of relevant factors and whether there has been a clear error of judgment." *See* 401 U.S. at 416, 91 S. Ct. at 889.

 Although the district court in the present case did not have the benefit of the teachings in *Farino*, it is apparent that the standard for review employed by the district court is equivalent to that established in *Farino*. Thus the court did not use the "substantial evidence" test, but rather held that the standard for determining abuse of discretion in the case was whether the record "reveals no evidence supporting the defendant's decision," 361 F.Supp. at 1340, and specifically found that there indeed was no evidence to support the findings of the RMA in denying certification.

 A finding based upon no reliable evidence whatever is a clear error of judgment and an abuse of discretion. *See* Song Jook Suh v. Rosenberg, 437 F. 2d 1098 (9th Cir. 1971); Digilab, Inc. v. Secretary of Labor, 357 F.Supp. 941 (D.Mass.1973), remanded for further fact finding by the RMA, 495 F.2d 323 (1st Cir. 1974); Bitang v. RMA, 351 F. Supp. 1342 (N.D.Ill.1972). *Cf.* I.C.C. v. Louisville & N.R.R., 227 U.S. 88, 91, 33 S.Ct. 185, 186, 57 L.Ed. 431 (1913), holding: "A finding without evidence is arbitrary and baseless."

We therefore hold that the "abuse of discretion" standard applied by the district court comports with the standard enunciated in *Farino*.

Finding as we do that the record supports the district court's disposition of the proceedings, we affirm on the basis of its opinion.