Hsu-Yang HSING, Plaintiff,

v.

W. J. USERY, Jr., Secretary of Labor,
United States Department of
Labor, Defendant.

Civ. A. No. 75–1515.

United States District Court,
W. D. Pennsylvania.

Aug. 23, 1976.

George Shorall, Howard T. Gilfillan, Pittsburgh, Pa., for plaintiff.

Blair A. Griffith, U. S. Atty., Pittsburgh, Pa., Stephen Ernst, U. S. Dept. of Labor, Philadelphia, Pa., for defendant.

## OPINION

McCUNE, District Judge.

Petitioner seeks judicial review under the Administrative Procedure Act (APA), 5 U.S.C.A. §§ 701–706 of a final administrative agency action by the Manpower Administration of the U.S. Department of Labor refusing to grant him an employment certification as required by 8 U.S.C.A. §§ 1151, 1153, and 1182. Petitioner's request for reconsideration of the administrative decision has also been denied.

Defendant has moved to dismiss plaintiff's complaint or in the alternative for Summary Judgment contending that (1) plaintiff's complaint based solely upon the APA affords no proper statutory basis for jurisdiction of this court in the subject matter of this action, (2) plaintiff's action against the Secretary of Labor, U.S. Department of Labor, is barred by the doctrine of Sovereign Immunity, and (3) the Assistant Regional Director for Employment and Training (ARDET) of the Manpower Administration, U.S. Department of Labor, did not abuse his discretion in denying labor certification to the plaintiff.

### Statement of Facts

Plaintiff is a non-immigrant alien, a citizen of the Republic of China, and currently resides in East Pittsburgh, Pennsylvania. Prior to entering the United States, plaintiff attended the National Taiwan University, Taipei, Taiwan, from September, 1964, until June, 1968, where he received a Bachelor of Science Degree in mechanical engineering. He thereafter entered the United States under an F–1 (student) visa and attended the University of Mississippi from January, 1972, until June, 1972, and the University of Texas at Austin, Texas, from September, 1972, until May, 1974, where he obtained a Master of Science degree in mechanical engineering.[1]

On February 27, 1974, plaintiff began working as a mechanical engineer for the Westinghouse Electric Corporation, East Pittsburgh, Pennsylvania. His duties as a mechanical engineer were described as follows:[2]

"Conduct theoretical analysis and experimental work in the mechanical engineering field to improve the performance of large rotating machines—large generators, large A.C. & D.C. motors, etc."

On October 7, 1974, Westinghouse filed Form MA7–50B (Job Offer for Alien Employment) with the Department of Immigration and Naturalization for the plaintiff. No action was taken upon this filing, and plaintiff, on February 18, 1975, filed Form MA7–50A (Application for Alien Employment Certification).[3] These applications were forwarded to the U.S. Department of

---

**1.** See Plaintiff's Exhibit "A", Application for Alien Employment Certification, Form MA7–50A.

**2.** See Plaintiff's Exhibit "B," Job Offer for Alien Employment, Form MA7–50B.

**3.** A labor certification is required of all aliens who desire to enter or permanently remain in the United States for the purpose of employment pursuant to 8 U.S.C.A. § 1182(a)(14). This section provides in part:

Labor on June 4, 1975. On July 2, 1975, the certifying officer of the U.S. Department of Labor denied the request for certification stating that (as of March 31, 1975), "State employment agencies in Region III have 165 more qualified applicants than openings for mechanical engineers,"[4] and, therefore, ". . . qualified [American] workers were available to perform the job duties as described on the application."[5]

Pursuant to 29 C.F.R. § 60.4(b), Westinghouse appealed this decision on July 22, 1975.[6] On July 30, 1975, the denial of plaintiff's certification was affirmed by the Assistant Regional Director for Manpower, U.S. Department of Labor,[7] who stated, "There were qualified resident workers registered with State employment agencies in Region III for the position of mechanical engineer."

Thereafter, further requests for reconsideration of the denial of certification were made, and were accordingly denied on the basis that the review decision of July 30, 1975, was final and that there were no provisions for further administrative review.[8]

On October 30, 1975, Westinghouse filed an amended Job Offer for Alien Employment.[9] However, since it was filed subsequent to the final administrative decision, it was not considered by the ARDET.

In response to the administrative decisions and a possible deportation action,[10] plaintiff brought suit on November 25, 1975, alleging as his sole jurisdictional basis the Administrative Procedure Act. However, pursuant to a stipulation entered into between the parties, and approved by this court on December 29, 1975, plaintiff's case was remanded to the Regional Manpower Administration of the U.S. Department of Labor for further reconsideration for a 90 day period.

Further research by the ARDET revealed that as of January 29, 1976, there were 372 mechanical engineers registered for employment assistance in Region III, 289 possessing a Bachelor of Science Degree in mechanical engineering, 83 possessing a Master of Science Degree in mechanical engineering and 25 having a work background in power distribution on large generators. In response to a request from the ARDET that information be supplied regarding Westinghouse's recruitment efforts to obtain an United States worker to fill the position occupied by the plaintiff, Westinghouse stated in effect that applicants had been "generally" interviewed for plaintiff's engineering position but that ". . . none were found having the qualifications already possessed by [plaintiff]." Further, Westinghouse expressed the belief that no matter how many applicants were to be considered, a replacement could not be obtained without a serious loss in effectiveness to plaintiff's development group and without considerable expense in training such other individual.[11]

As a result, on March 30, 1976, the ARDET once again denied labor certification

---

(a). Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
(14). Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are *able, willing, qualified, and available* at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. . . . (Emphasis added).

4. See Defendant's Brief, pages 2 and 3.

5. See Plaintiff's Exhibit D.

6. See Plaintiff's Exhibit C.

7. See Plaintiff's Exhibit D.

8. See Plaintiff's Exhibits E and H.

9. See Plaintiff's Exhibit F.

10. See Plaintiff's Exhibit G.

11. See Defendant's Brief, pages 3 and 4.

to plaintiff for the reason that there were sufficient resident workers available to fill the position held by the plaintiff.

## I

The threshold issue for this court's consideration is whether jurisdiction exists in this instance where plaintiff's complaint is based solely on the Administrative Procedure Act, 5 U.S.C.A. §§ 701–706, which provides for judicial review of agency actions. The Government contends that plaintiff has misplaced his reliance on the APA as the sole basis for jurisdiction in this court. In support of its argument the Government relies chiefly upon *Zimmerman v. U.S. Government*, 422 F.2d 326, 330–331 (3d Cir. 1970) for the proposition that the APA is remedial in nature and cannot serve as an independent basis for jurisdiction, citing *Local 542, International Union of Operating Engineers v. N.L.R.B.*, 328 F.2d 850, 854 (3d Cir. 1964), *cert. den.* 379 U.S. 826, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964). We note that subsequent Third Circuit cases have repeatedly held that the APA does not con-

fer jurisdiction upon federal courts over cases not otherwise within their competence [12] but find plaintiff's argument to the contrary persuasive on this point.

In immigration and naturalization cases there is a general tendency to favor judicial review of administrative action. *Estrada v. Ahrens*, 296 F.2d 690, 695 (5th Cir. 1961). Indeed judicial review of agency action has broadened considerably in scope in recent years. See: *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

Plaintiff has cited ample authority to support this court's jurisdiction in this instance. We note further that other district and circuit courts have upheld their jurisdiction to review certification denials where there is an alleged abuse of discretion.[13] Likewise, the Third Circuit [14] in the case of *Golabek v. Regional Manpower Administration*, 329 F.Supp. 892, 894 (E.D.Pa. 1971), had held that district courts have jurisdiction to review the findings of the Secretary of Labor made pursuant to

---

**12.** *Grant v. Hogan*, 505 F.2d 1220, 1225 (3d Cir. 1974); *Bachowski v. Brennan*, 502 F.2d 79, 82 (3d Cir. 1974), rev'd on oth. grnds. sub nom. *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); *Chaudoin v. Atkinson*, 494 F.2d 1323, 1328–29 (3d Cir. 1974); *Richardson v. United States*, 465 F.2d 844, 849, n.2 (3d Cir. 1972) (en banc), *cert. den.* 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 688 (1973); *Nixon v. Hampton*, 400 F.Supp. 881, 884–85 (E.D. Pa.1975); *National Association of Regulatory Commissioners v. Coleman*, 399 F.Supp. 1275, 1277, n. 3 (M.D.Pa.1975); *deVyver v. Warden, U.S. Penitentiary*, 388 F.Supp. 1213, 1223 (M.D. Pa.1974); *Framlau Corporation v. Dembling*, 360 F.Supp. 806, 808 (E.D.Pa.1973). It should be noted, however, that these cases relied upon by the defendant are distinguishable from the case at hand since they are not based on requests for alien employment certifications under 8 U.S.C.A. §§ 1153 and 1182.

**13.** First Circuit: *Digilab, Inc. v. Secretary of Labor*, 357 F.Supp. 941, 942 (D.Mass.1973), rem'd on oth. grnds. 495 F.2d 323 (1st Cir. 1974), *cert. den.* 419 U.S. 840, 95 S.Ct. 70, 42 L.Ed.2d 67 (1974); Second Circuit: *Ozbirman v. Regional Manpower Administrator, U.S. Department of Labor*, 335 F.Supp. 467, 470–71 (S.D.N.Y.1971); Fourth Circuit: *Yusuf v. Regional Manpower Administration of the U.S. Department of Labor*, 390 F.Supp. 292, 293

(W.D.Va.1975); Fifth Circuit: *Reddy, Inc. v. U.S. Department of Labor*, 492 F.2d 538, 543–44 (5th Cir. 1974), reh. den. 495 F.2d 1372 (5th Cir. 1974); Seventh Circuit: *First Girl, Inc. v. Regional Manpower Administrator of the U.S. Department of Labor*, 361 F.Supp. 1339, 1340 (N.D.Ill.1973), aff'd 499 F.2d 122 (7th Cir. 1974); *Secretary of Labor v. Farino*, 490 F.2d 885, 888 (7th Cir. 1973); *Bitang v. Regional Manpower Administrator of the U.S. Department of Labor*, 351 F.Supp. 1342, 1344 (N.D.Ill. 1972); Eighth Circuit: *Ratnayake v. Mack*, 365 F.Supp. 954, 956 (D.Minn.1973), aff'd in part, rev'd in part, 499 F.2d 1207 (8th Cir. 1974); Ninth Circuit: *Yong v. Regional Manpower Administrator, U.S. Department of Labor*, 509 F.2d 243, 245–46 (9th Cir. 1975); *Song Jook Suh v. Rosenberg*, 437 F.2d 1098 (9th Cir. 1971).

It should be noted further that the failure of the Immigration and Nationality Act to provide for judicial review of the Secretary's decision does not bar review under the APA. *Secretary of Labor v. Farino, supra*, applying *Citizens to Preserve Overton Park v. Volpe, supra*.

**14.** See also: *Davis v. Romney*, 355 F.Supp. 29, 41 (E.D.Pa.1973), aff'd in part, 490 F.2d 1360 (3d Cir. 1974), for the proposition that the APA can serve as an independent basis of federal jurisdiction.

§ 212(a)(14) of the Immigration and Nationality Act, as amended, 8 U.S.C.A. § 1182(a)(14). However, that review is qualified to the extent that it is limited to determining whether the Secretary abused his discretion or committed an error of law. See also: *Seo v. U.S. Department of Labor*, 523 F.2d 10, 12 (9th Cir. 1975); *Yusuf v. Regional Manpower Administration, etc., supra*, n. 13.

■ Therefore, we find that the Administrative Procedure Act does provide a jurisdictional basis for plaintiff's suit based upon a denial of an employment certification as required by 8 U.S.C.A. § 1182(a)(14).

## II

■ Defendant next contends that even if the agency's determination is deemed reviewable by this court, plaintiff's suit is nevertheless barred by the doctrine of sovereign immunity. In support of this argument, the defendant relies primarily upon *Larson v. Domestic and Foreign Commerce Corporation*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). However, we do not find that this doctrine serves as a complete bar in cases of this nature.

The Fourth Circuit, in *Littell v. Morton*, 445 F.2d 1207, 1213 (4th Cir. 1971),[15] stated that the doctrine of sovereign immunity applies independently of the judicial review provisions of the APA. Thus, having concluded that judicial review is available to plaintiff under the APA, sovereign immunity may nevertheless still act as a bar to plaintiff's action. Yet, as in *Littell v. Morton, supra*, we find that the justifications for the doctrine's application are not compelling here. In no way does the plaintiff's action constitute a ". . . substantial bothersome interference with the operation of government,"[16] nor will the effect of a judgment for plaintiff be to "restrain the Government from acting, or to compel it to act." *Littell v. Morton, supra*, at page 1213. Indeed the Government has already acted by denying plaintiff's request for an employment certification. Thus, the Government's argument on this point[17] is not persuasive in light of the recent case of *Yusuf v. Regional Manpower Administration of the U.S. Department of Labor, supra*, note 13, involving an alien certification proceeding, wherein the court stated that an alien's suit challenging a denial of his application for alien certification by the ARDET was not barred by the doctrine of sovereign immunity, citing *Littell v. Morton, supra*.[18] We thus hold that plaintiff's action based on the APA is not barred by the doctrine of sovereign immunity.

## III

We turn now to the final issue for consideration, namely whether the defendant abused his discretion in denying a labor certification to the plaintiff. *Golabek v. Regional Manpower Administration, supra;* See also: *Bitang v. Regional Manpower Administrator of the U.S. Department of Labor, supra*, n. 13.

Various standards have been applied in making that determination. One such standard is whether, based upon the facts in the administrative record, it can be said that the defendant's decision was,

". . . made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group . . ." *Wong Wing Hang v. Immigration and Naturalization Service*, 360 F.2d 715, 719 (2d Cir. 1966); *Wan Ching Shek v. Esperdy*, 304 F.Supp. 1086, 1087 (S.D.N.Y.1969).

since it is based on *Zimmerman v. U.S. Government, supra* which, as stated earlier, is not controlling as to the facts presented in this case.

---

15. See the Government's Brief, at page 11.

16. See *Littell v. Morton, supra*, at page 1214.

17. See the Government's Brief at page 11, The Government has also misplaced its reliance here on *Ajay Nutrition Foods, Inc. v. Food & Drug Administration*, 378 F.Supp. 210, 212–214 (D.N.J.1974), *aff'd* 513 F.2d 625 (3d Cir. 1975)

18. See also: *Kingsbrook Jewish Medical Center v. Richardson*, 486 F.2d 663, 668 (2d Cir. 1973).

Another test for abuse of discretion, relied upon by the defendant here, is whether, upon examining the administrative record, it can be said that there is no evidence to support the defendant's decision. *Song Jook Suh v. Rosenberg, supra,* n. 13.

Still another standard applied to review the defendant's decision is that found in *Secretary of Labor of the United States v. Farino, supra,* n. 13, at page 889. There the Seventh Circuit stated [19] that a district court is required to determine whether the Secretary acted within the scope of his authority, to consider whether his decision was based on a consideration of relevant factors and to ascertain whether there was a clear error of judgment on his part.

Applying these tests to the fact contained in the record in this case, we find that the defendant has not abused his discretion in denying plaintiff's labor certification.

■ To support our finding we turn to a brief analysis of plaintiff's arguments. First, the plaintiff argues that the statistics used by the defendant are untimely and unreliable in that they do not present an accurate figure as to the relevant unemployment market for mechanical engineers at the time of plaintiff's application. We disagree. The figures supplied by the defendant reveal that as of March 31, 1975, within 41 days of February 18, 1975, the date on which plaintiff filed his initial application for the certificate, there were 165 unemployed and "as qualified" mechanical engineers registered with the Region III state unemployment agencies. Thereafter, following remand to the Regional Manpower Administration on December 29, 1975, research revealed that as of January 29, 1976, there were 372 mechanical engineers registered with a Region III State unemployment agencies. Though plaintiff questions the accuracy and reliability of these figures, and argues that they do not present a true unemployment figure as of the initial application date, plaintiff has failed to disprove their worth by reliable objective data.

■ 8 U.S.C.A. § 1182(a)(14) creates a presumption against the entry of aliens. *Silva v. Secretary of Labor,* 518 F.2d 301, 309 (1st Cir. 1975). The language of the statute is clear—aliens are to be excluded unless the Secretary takes affirmative action and determines that there exists such a shortage of American labor available for the position in question that no American worker could or would perform such work and that such work would be compensable at rates and under working conditions which similarly employed American workers are then receiving. Thus, under the statute, the burden of the Secretary of Labor is borne if a generalized survey of the labor market in applicant's area of expertise (as here) demonstrates the availability of domestic workers who are apparently qualified to perform available jobs. Once met, the burden then shifts to the plaintiff-applicant to demonstrate in fact that there are not sufficient domestic workers who are "able, willing, qualified and available" to perform the work he seeks and that his employment will not adversely affect wages and working conditions of domestic workers. See: *Yusuf v. Regional Manpower Administration of the U.S. Department of Labor, supra,* n. 13, at page 295.

■ Second, plaintiff argues that there are no other candidates available in the relevant market with equivalent mechanical engineering backgrounds and education. Further, plaintiff's employer, Westinghouse, argues the inevitability of a loss of effectiveness in plaintiff's development group and the considerable expense involved if another individual were to be similarly trained. However, these contentions are substantially without merit for comparable, qualified applicants existed in the relevant job market. As noted earlier, *at least* 25 mechanical engineers were available for employment recruitment at Westinghouse with an equivalent mechanical engineering background, i.e., (1) a Bachelor of Science Degree in mechanical engineering, (2) a Master of Science Degree in mechanical engineering, and (3) a work background

---

**19.** Relying on *Citizens to Preserve Overton Park v. Volpe, supra.*

in power distribution on large generators. Plaintiff and his employer have failed to refute these figures.

Support for our decision on this point is found in *Pesikoff v. Secretary of Labor*, 163 U.S.App.D.C. 197, 501 F.2d 757 (1974), *cert. den.* 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974) and *Acupuncture Center of Washington v. Brennan*, 364 F.Supp. 1038 (D.D.C.1973), rev'd., *Acupuncture Center of Washington v. Dunlop*, 543 F.2d 852 (D.C. Cir. 1976), relied on by the defendant. In *Pesikoff, supra,* the court stated that if consultation by the Secretary of Labor of the general labor market data readily available to him suggests that there is a pool of potential workers available to perform the job which the alien seeks, the burden is on the alien or his employer to prove that it is not possible for the employer to find a qualified American worker. We agree with that court's conclusion and hold it applicable to the facts presented here. The secretary may survey the available labor market for a class of workers who, while possibly not meeting the prospective employer's personalized job description, do provide the employer with the potential for getting his job accomplished. *Pesikoff v. Secretary of Labor, supra,* 501 F.2d at page 763.

Within this test, we find that there was a potential class of American workers who were "able, willing, qualified and available" for plaintiff's position. Therefore, there was sufficient evidence within the *Song Jook Suh v. Rosenberg, supra,* test to support the Secretary's decision.[20]

Accordingly, we hold that the decision of the Secretary denying plaintiff's employment certification was not an abuse of discretion, and are, therefore, compelled to grant defendant's motion for summary judgment.

---

**20.** To this extent we find the cases of *Digilab, Inc. v. Secretary of Labor, supra,* n. 13, and *First Girl, Inc. v. Regional Manpower Adminis-* trator of the *U.S. Department of Labor, supra,* n. 13, distinguishable from the instant case.