Federico Francisco YONG and Bergen-Paterson Pipesupport Corporation, Plaintiffs-Appellants,

v.

REGIONAL MANPOWER ADMINIS-TRATOR, UNITED STATES DE-PARTMENT OF LABOR, Defendant-Appellee.

No. 73-1642.

United States Court of Appeals, Ninth Circuit.

Jan. 24, 1975.

Joseph S. Hertogs (argued), Jackson & Hertogs, San Francisco, Cal., for plaintiffs-appellants.

Richard F. Locke, Asst. U. S. Atty. (argued), San Francisco, Cal., for defendant-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

## OPINION

HUFSTEDLER, Circuit Judge:

Bergen-Paterson Pipesupport Corporation ["Bergen"] sought an Alien Employment Certification authorizing its continued employment of Yong, a Peruvian alien, as a designer of pipe supports. The Regional Manpower Administration denied certification, and Bergen and Yong filed a complaint challenging the Administration's action. The district court granted summary judgment for defendant. On appeal, plaintiffs contend that (1) the failure of defendant to accord them a formal administrative hearing violated the Administrative Procedure Act and (2) deprived them of procedural due process of law; and (3) denial of certification was contrary to the evidence and hence arbitrary and capricious.

An alien "seeking to enter the United States, for the purpose of performing skilled or unskilled labor" is eligible to receive a visa if the Secretary determines and certifies that:

"(A) [T]here are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) that employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed." (8 U.S.C. § 1182(a)(14).)

Pursuant to regulations promulgated under section 1182(a)(14),[1] an alien seek-

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

1. The regulations provide in pertinent part as follows:

"(c) Any alien whose category of employment is not included in Schedule A or on Schedule B or in paragraph (b) of this section shall apply for certification by having the prospective employer or the authorized representative of the employer file in duplicate a Statement of Qualifications of Alien form, a Job Offer for Alien Employment form, and where the alien is to "live at work", a fully documented Supplemental Statement for Live-At-Work Job Offers. The forms shall be filed with any local office of the State Employment Service serving the area where the alien will be employed. After a review of the forms and area labor market information pertaining to the availability of U. S. workers and to the prevailing wages and working conditions in the area of employment similar to the alien's intended employment, the State Employment Service shall forward the form and information to the office of the Manpower Administration of the U. S. Department of Labor for that area. A labor certification determination will be made based on the information submitted by the State Employment Service and any other applicable data available to the Manpower Administration area office." (29 C.F.R. § 60.3.)

"(a) Department of Labor determinations pursuant to paragraphs (b) and (c) of § 60.3 shall be made by the Certifying Officer appointed by the Regional Manpower Administrator (or the Administrator for the District of Columbia) of the Manpower Administration of the U. S. Department of Labor for the area wherein the employment is to occur. [For subsections (b) and (c), see text at page 246, infra.]" (29 C.F.R. § 60.4.)

ing certification must apply by having his employer (or prospective employer) file for certification with the state employment agency serving the area where the employment is located. The state agency then collects area labor market information concerning availability of citizen workers for, and prevailing wages and working conditions in, the relevant employment, and forwards this information to the Office of Manpower Administration of the United States Department of Labor for that area. A certification determination is made on the basis of the information supplied "and any other applicable data available." The alien's employer may request that a denial of certification be reviewed by the Regional Manpower Administrator, whose decision is administratively final.

Yong entered the United States as a nonimmigrant student. After he finished his studies, the Immigration and Naturalization Service granted him permission to remain in the country to receive practical, on-the-job training. Bergen hired and trained him. After his training was complete, Yong was subject to deportation. Bergen sought to retain Yong and applied for his certification. In its application Bergen described Yong's job as "Designer—Pipe Supports" and stated that the job involved analysis of mechanical and civil drawings, calculation of hanger loads and movements resulting from thermal expansion, and design of individual pipe supports. It also stated that the job required a minimum of two years education in mechanical engineering and six months on-the-job training.

Defendant denied the application on the ground that available job market information, supplied by the California Department of Human Resources Development, did not warrant certification. Bergen and Yong requested review and asked for a personal appearance. Their requests were granted. Plaintiffs submitted documentary information in support of their claim that certification was appropriate. On March 3, 1972, Yong and representatives of Bergen orally presented their case for about an hour before Mr. Anderson, one of defendant's reviewing officers. The administrative record contains no documentation describing either the details or the substance of the meeting. On March 9, 1972, denial of certification was affirmed by Mr. Parrish, another reviewing officer, who had not been present at the meeting of March 3. From Mr. Parrish's decision affirming denial of certification, we can tell that he relied upon information furnished by the California Department of Human Resources Development, but we cannot ascertain whether he received and considered "any other applicable data available," including the documentary evidence presented by Bergen or any of the information presented at the personal appearance.

■ Yong and Bergen did not receive a formal, quasi-judicial administrative hearing. No statute entitled them to such a hearing. The Administrative Procedure Act gives them no solace in this regard because the procedural protections specified therein (5 U.S.C. §§ 556, 557) are accorded only to those adjudications "required by statute to be determined on the record after opportunity for an agency hearing" (with exceptions not relevant here; 5 U.S.C. § 554(a)), and the essential statutory antecedent is absent. But this is not the end of the matter.

■ Under the Administrative Procedure Act, a person "adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof" (5 U.S.C. § 702) if the agency action is "final" and "there is no [other] adequate remedy in a court" (5 U.S.C. § 704). Bergen is entitled to judicial review of the Manpower Administration's denial of certification. (*See* Ratnayake v. Mack (8th Cir. 1974), 499 F.2d 1207, 1209–1210; Pesikoff v. Secretary of Labor (D.C.Cir. 1974), 501 F.2d 757, 759–761; Reddy, Inc. v. United States Department of Labor (5th Cir. 1974), 492 F.2d 538, 542–544; Secretary of Labor of United States v. Farino (7th Cir. 1973), 490 F.2d 885, 888–889; *see also* Citizens to Preserve Over-

ton Park, Inc. v. Volpe (1971), 401 U.S. 402, 410–413, 91 S.Ct. 814, 28 L.Ed.2d 136.)

■ The reviewing court must decide whether the agency observed the "procedure required by law" (5 U.S.C. § 706(2)(D)). The statute itself does not define the quoted terminology. However, regulations promulgated under 8 U.S.C. § 1182(a)(14) provide a procedural framework for administrative review of a denial of certification:

"(b) Requests for review of a denial of certification pursuant to paragraph (a) of this section . . . shall be made within 90 days of the denial of certification and shall: (1) Clearly identify the particular certification determination for which review is sought; (2) set forth the particular grounds on which the request is based; and (3) include all documents which accompanied the denial of certification.

"(c) The Regional Manpower Administrator (or the Administrator for the District of Columbia) or his designated representative, who shall not have participated in the initial determination, shall carry out the review. Upon review, the Regional Manpower Administrator (or the Administrator for the District of Columbia) or his designated representative may order the issuance of a certification or may affirm the denial. The determination of the Regional Manpower Administrator (or the Administrator for the District of Columbia) shall be final." (29 C.F.R. § 60.4.)

■ Although neither the statute nor the regulations provides for any formal administrative hearing, the regulations read with the statute clearly imply that the applicant must have an opportunity to challenge the record upon which the initial denial was predicated. (Cf. Secretary of Labor of United States v. Farino (7th Cir. 1973) 490 F.2d 885, 892.) The applicant cannot "set forth the particular grounds upon which the request is based" unless he knows the foundation of the denial. Moreover, the opportunity to respond is meaningless if the review-

ing officer does not have before him the applicant's response, or if he has no obligation to consider it in reaching his decision. When, as here, the response includes information received at a personal appearance, that information must be conveyed to the reviewing officer who is to make the decision. If a reviewing officer was not present when the oral presentation was made, the administrative record should reveal that the information thus presented was transmitted to and considered by him.

■ The regulations do not require and we do not prescribe that the administrative record take a specified form. Rather, we construe the statute and the applicable regulations minimally to require that the administrative record, in whatever form the agency selects, shall adequately reveal (1) the foundation for the original denial of certification, (2) the substance of the relevant documentary evidence and oral information, if any, presented by the applicant in response, (3) the transmittal of that information to the reviewing officer who made the decision, and (4) the receipt and consideration of that record by the reviewing officer before he decides.

The administrative record before us does not meet any of these criteria. On this inadequate record, neither the district court nor we can determine whether the denial of certification was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (5 U.S.C. § 706(2)(A)), or whether the agency decision "was based on a consideration of the relevant factors and whether there has been a clear error of judgment." (Citizens to Preserve Overton Park, Inc. v. Volpe (1971) 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136.)

Our disposition of the case renders unnecessary any discussion of the constitutional issue.

The judgment is reversed with directions to vacate the denial of the certificate and to remand the cause to the agency for further proceedings consistent with the views herein expressed.