88

MANNY INDUSTRIES, a California Corporation, Gabriel Bravo Figueroa, Ismael Ruvalcaba Gonzalez, Bartolo Martinez Ramirez, Rita Guzman De Barron, Albino Hernandez Leon, Armando Marroquin Aguare, Luis Cervantes Espinoza, Ruben Medina Viramontes, Maria Elena Ojeda Guzman, Rafael Palacios Carcamo, Arturo Contreras Varga, Plaintiffs,

v.

SECRETARY OF LABOR, Albert C. Meierer, Jr., Chief and Certifying Officer of the U. S. Department of Labor, U. S. Immigration and Naturalization Service, Defendants.

No. CV 77-387-DWW.

United States District Court,
C. D. California.

May 5, 1977.

Edward S. Nissman and Richard David Rogen, Los Angeles, Cal., for plaintiffs.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief Civil Division, Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

MEMORANDUM and ORDER

DAVID W. WILLIAMS, District Judge.

On July 2, 1975, defendant U. S. Immigration and Naturalization Services surveyed plaintiff Manny Industries, the largest producer of bedspreads in Los Angeles County, and found that it employed 123 illegal aliens. In an effort to legalize the status of its employees, on November 6, 1975, plaintiff submitted 16 job offers for alien employment to the Alien Certification Office of the California Department of Employment. On June 8, 1976, certification of all of the job offers was denied by defendant Albert C. Meierer, Jr., Chief and Certifying Officer of the U. S. Department of Labor. 8 U.S.C. § 1182(a)(14). On February 2, 1977, Manny Industries and 11 of its 16 alien employees who were denied labor certifications (one of the 11 has since left the country voluntarily) filed the instant complaint seeking to have the Secretary of Labor certify the job offers, alleging the denials were arbitrary, capricious, contrary to fact and an abuse of discretion. Presently before the Court is defendants' motion to dismiss, which I find meritorious and therefore grant.

It is true that: (1) 29 C.F.R. § 60.4(b), allows for the filing of requests for intra-agency review of a Department of Labor denial of certification within 90 days of the denial; (2) Plaintiffs did not request reviews of any of the denials within the 90-day period following the June 8, 1976, denials of certification; (3) Plaintiffs knew, or should have known, of the administrative review provisions since their complaint has attached the initial denials as exhibits and each of those denials bears a stamp outlining the review procedure. The only issue to be decided is whether plaintiffs' failure to pursue the administrative review procedure

allowed by 29 C.F.R. § 60.4(b), precludes this Court from having jurisdiction under the exhaustion of administrative remedies doctrine.

It is fundamental that courts only review final administrative orders. *Schlesinger v. Councilman*, 420 U.S. 738, 756–57, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972). However, with the enactment of the Administrative Procedure Act, particularly what is now 5 U.S.C. § 704, there are some discernible exceptions to this blanket proposition. Section 704 provides:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority."

After careful study of applicable law, I conclude that, notwithstanding § 704, plaintiffs were required to exhaust the administrative appeal open to them prior to approaching this Court, and having failed to do, this Court lacks proper jurisdiction to entertain their complaint. The first sentence of § 704 speaks in terms of *"final agency action,"* and the third sentence employs the language "agency action otherwise *final.*" Therefore, § 704 presupposes a *final* administrative decision before judicial review is proper. However, 29 C.F.R. § 60.-4(c), expressly dictates that the determination of the reviewing officer is *final,* implicitly suggesting that the initial agency decision is non-final for all purposes including judicial review.

Section 704 dictates that judicial review is proper unless the relevant agency requires appeal by rule and provides that the decision appealed from remains inoperative pending appeal. The present facts come under the exception to judicial reviewability. Title 29 C.F.R. § 60.4 is effectively a rule requiring appeal because unless the Assistant Regional Director for Manpower or his designated representative affirms the initial denial of a labor certification, there is no final determination by the Department of Labor. The "inoperative" requirement of the exception is also satisfied. According to the analysis of 3 Davis, *Administrative Law* § 20.08, at p. 106:

"The best interpretation probably is that an initial decision is inoperative so long as it has no positive effect; that is, it is inoperative so long as the status quo before the decision continues. An initial decision probably should be considered inoperative even though the claim is refused, the license is denied, or the suspension order is not lifted."

A denial of a labor certification maintains the status quo and is directly analogous to the refusal of a claim or the denial of a license.

After extensive research only one decision has come to my attention that is directly on point. In *Manalo v. Regional Manpower Administration,* No. C–300–WS–73 (M.D.N.Car.1974), Judge Ward dismissed the complaint for lack of jurisdiction because the plaintiff did not comply with the requirements of 29 C.F.R. & 60.4, and therefore did not exhaust his administrative remedies. No decisions holding to the contrary are apparent. Two 9th Circuit cases are also highly relevant to the issue present here. In *Yong v. Regional Manpower Administration,* 509 F.2d 243 (9 Cir. 1975), Judge Hufstedler stated, in holding that an alien's employer was entitled to judicial review of a denial of a labor certification, that 8 U.S.C. § 1182(a)(14) and 29 C.F.R. § 60.4, minimally require that the administrative record before the District Court adequately reveal ". . . (3) the transmittal of . . . information to the review-

ing officer who made the decision, and (4) the receipt and consideration of that record by the reviewing officer before he decides." 509 F.2d at 246. Although the exhaustion of administrative remedies was not an issue in *Yong*, the Circuit Court decision is implicitly predicated on the assumption that an administrative review is, and must be, pursued before the District Court can review the final administrative determination. And in *Ensey v. Richardson*, 469 F.2d 664, 666 (1972), Judge Duniway held that the failure to pursue and exhaust the administrative remedies available to a claimant denied disability insurance benefits—remedies provided by statutes and agency regulations not unlike those in a labor certification context—precludes judicial review of the matter. The prior 9th Circuit decision in *United States v. Consolidated Mines & Smelting Co., Ltd.*, 455 F.2d 432 (9 Cir. 1971), does not dictate a conclusion contrary to the one I reach here, as the facts and pertinent statutes and agency regulations there are clearly distinguishable.

The defendants' motion to dismiss is granted.

It is so ordered.