Lydia SHUK YEE CHAN,
Plaintiff-Appellee,

v.

REGIONAL MANPOWER ADMINIS-TRATOR OF the UNITED STATES DEPARTMENT OF LABOR et al., Defendants-Appellants.

No. 75–1020.

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 1975.

Decided Sept. 4, 1975.

Samuel K. Skinner, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., Mary Jo Grotenrath, Atty., Government Regulations Section, Criminal Div., Dept. of Justice, Washington, D.C., for defendants-appellants.

Samuel D. Myers, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT and PELL, Circuit Judges, and GRANT, Senior District Judge.*

* Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

PER CURIAM.

In August of 1972, appellee filed with the District Office of the Immigration and Naturalization Service in Chicago, Illinois, a Petition to Classify Preference of Alien on Basis of Profession or Occupation. She filed this "third preference" petition along with an Application for Alien Employment Certification and Statement of Qualifications of Alien seeking thereby to change her classification to that of a professional in the hope that such classification would lead to permanent residence in this country and employment in the field of social work. However, the Regional Manpower Administrator of the Department of Labor [RMA] denied the requested labor certification for the reason that United States workers were available in the Chicago area for the occupation of social worker. The District Director of the Immigration and Naturalization Service thereupon notified appellee that he was denying her visa petition based on the RMA's determination. Subsequently, when appellee requested that the RMA disclose the factual basis for the denial of her labor certification, the RMA responded that the decision was grounded on data supplied by the Illinois State Employment Service to the effect that there were over fifty resident social workers who were seeking similar employment. On reconsideration, the RMA's decision was affirmed by an RMA reviewing officer on the grounds that under the immigration law, in order to justify the issuance of a labor certification, the Department of Labor must determine that no United States workers are available for a position offered to an alien.

In the district court, appellee sought to overturn the RMA's denial of her labor certification, and upon the issuance of the certification, to require the District Director of the Immigration and Naturalization Service to approve the third preference visa petition. When the court below granted appellee the opportunity to show cause why the RMA's motion for summary judgment, which was previously filed, should not be granted, and after a memorandum was submitted by appellee in opposition to the proposed granting of summary judgment in favor of the RMA, the district court denied the RMA's motion for summary judgment and remanded the matter to the RMA for further determinations not inconsistent with the court's opinion. The district court, in brief, held that the RMA in the instant case merely made its determination to deny appellee's labor certification *pro forma* without considering the evidence which was proffered as the basis of its decision. The RMA then instituted the present appeal.

Appellants argue, first of all, that appellee's application for an alien labor certification was properly denied since under Section 212(a)(14) of the Immigration and Nationality Act, the Secretary of Labor may not issue such a certification unless he has determined that there are not sufficient workers in the United States to perform the work for which the labor certification is sought. In this regard, appellants contend that the Manpower Administrator has discharged this obligation where, as here, he refers to general data on the availability of American workers. In any event, appellants assert that there is a statutory presumption against the admission of aliens for the purpose of performing labor, unless the alien satisfies his burden of showing that there are, in fact, no qualified American workers available for the occupation or work which he or she desires. It is clear in the instant case, say appellants, that appellee has failed to meet the burden of showing that she was entitled to the certification for which she applied.

Finally, appellants claim that the district court, in relying on material outside the record, substituted its judgment for that of the RMA and, in so doing, usurped the agency's function where there was no evidence of an abuse of discretion by the RMA. This Court is urged, therefore, for the foregoing reasons, to give effect to the RMA's pre-

sumption of regularity in gathering data by reversing the judgment of the court below.

In response, appellee argues that the matter of labor certification, instead of involving agency discretion or policy, is a matter which requires that the Department of Labor exercise its expertise as to the availability of American workers for a position for which an alien has applied. Appellee concedes that in the instant case appellants did, in fact, collect statistical data from the Illinois State Employment Service. However, appellee maintains that the Department's use of such raw material from the Illinois State Employment Service is not sufficient to demonstrate that the Department of Labor utilized its expertise in making its determination to deny appellee's labor certification. Nor, argues appellee, does the use of such material satisfy the standard set out in § 212(a)(14) of the Immigration and Nationality Act or form an adequate basis for concluding that there are ". . . not sufficient workers . . . who are able, willing, qualified, and available . . . ." 8 U.S.C. § 1182(a)(14). Where, in fact, information from the Illinois State Employment Service has been used to strike down a labor certification, appellee argues that the RMA's presumption of regularity is effectively rebutted.

Lastly, appellee claims, contrary to appellants' position, that the burden does not devolve upon an alien to adduce evidence that no domestic workers are available for the position which the alien desires to occupy. Accordingly, appellee submits that the decision of the district court to remand the case to the RMA for further determinations should be affirmed.

The sole issue which is presented for our determination in the present appeal, then, is whether under Section 212(a)(14) of the Immigration and Nationality Act the Department of Labor, through its delegate, the RMA, properly denied appellee's labor certification application by using and relying upon statistical data obtained from the Illinois State Employment Service.

 In order to reverse the Labor Secretary's denial of a labor certification to an alien, it is necessary that the denial be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Secretary of Labor of United States v. Farino,* 490 F.2d 885, 889 (7th Cir. 1973). Such an abuse of discretion which would invite reversal of the Secretary's decision has been found to exist where a labor certification is denied on the basis of evidence which is not sufficient or reliable enough to support such a finding. *First Girl, Inc. v. Regional Manpower Adm. of U. S. D. of L.,* 499 F.2d 122, 124 (7th Cir. 1974); *Bitang v. Regional Manpower Adm. of U. S. Dept. of Labor,* 351 F.Supp. 1342, 1344 (N.D.Ill.1972); *Digilab, Inc. v. Secretary of Labor,* 495 F.2d 323, 327 (1st Cir. 1974); *Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir. 1971). In the present case, the RMA maintains that he denied appellee's employment certification based on data compiled and supplied by the Illinois State Employment Service which indicated that there were domestic workers available to occupy the position for which appellee sought certification. Using such data as the foundation for his decision, the RMA was convinced that denial of appellee's application was proper in conformity with the requirement of 8 U.S.C. § 1182(a)(14) that before an alien certification is allowed, there must be no United States workers available for the type of labor which the alien performs.

Based on a careful review of the record herein and for the reasons stated below, this Court is convinced that the district court was correct in finding that the accuracy and reliability of the Illinois State Employment Service data, upon which the RMA relied, was shrouded in doubt. Further, we are in agreement with the district court's finding, and our review of the record leaves us with the same impression as the court below that the RMA herein did indeed appear to make his initial determination

to deny appellee's certification without considering the very evidence which was eventually proffered as the basis of that decision. Accordingly, we affirm the judgment of the court below to remand the action to the RMA for further determinations consistent with its opinion.

The issue of the RMA's use of material from the Illinois State Employment Service in making decisions on alien employment certification applications was initially discussed at some length by Judge Tone in *Bitang v. RMA, supra.* There the court held that conclusory information from a state employment service to the RMA that there were various people seeking employment in occupations for which aliens had applied was insufficient to justify the RMA's determination that American workers were able, willing, qualified, and available to perform the aliens' professions, absent a showing that the state employment service utilized the federal standard of "able, willing, qualified and available" in arriving at its conclusion that there was, in fact, a surplus of domestic workers. In support of its holding, the court stated that although a certain amount of reliance upon state agency findings is necessary, the responsibility of the Secretary of Labor "requires more than blind and unquestioning acquiescence in a state agency's ultimate conclusions." 351 F.Supp. at 1345. The action, therefore, was remanded to the RMA for further determination not inconsistent with the court's opinion and in light of the provisions of 8 U.S.C. § 1182(a)(14).

In *Secretary of Labor v. Farino, supra,* where plaintiffs contested the validity and reliability of Illinois State Employment Service data as a basis for the RMA's denial of employment visas, the district court ruled that there was no evidence to support the findings of the RMA in denying the requested labor certifications. This Court then ordered that the matter should be remanded to the agency for further proceedings.

Finally, in *First Girl v. RMA, supra,* where employment visas were denied by the RMA in part, at least, on the strength of availability data from the Illinois State Employment Service, this Court affirmed the district court's holding that the Illinois State Employment Service availability data was not reliable evidence on which to deny the certifications, and that it was an abuse of the RMA's discretion to base his judgment thereon, absent a showing that the persons listed by the state were, in fact, qualified, available, willing and able applicants for the employment offered by plaintiff as specified in the provisions of 8 U.S.C. § 1182(a)(14).

■ We choose not to stray from the principles enunciated in the above-cited cases, primarily *First Girl,* as we are convinced that their application to the case at bar is dispositive of the issue presented in this appeal. In so doing, we have no difficulty at all in concluding, upon our careful examination of the entire record herein, that the RMA abused his discretion in denying appellee's labor certification. First of all, we say, and guardedly so, that we have serious reservations as to whether or not the RMA consulted any data at all in making his initial determination to deny appellee's application. But even if the RMA, as he has argued, did ground his decision to deny appellee's application upon information from the Illinois State Employment Service to the effect that there were people available for the occupation for which appellee sought certification, we refuse at this writing to place our stamp of approval upon an administrative procedure which appears to have involved a perfunctory exercise of acquiescence in the statistical compilations of the state employment service. Nor will we approve of such a procedure where, as here, the data upon which the RMA's decision rested amounted to nothing more than a conclusory finding by the Illinois State Employment Service without any showing that the persons listed as available for the occupation of social worker were actually "able, willing, qualified and available" to perform the labor which formed the basis of appel-

lee's application for certification. 8 U.S.C. § 1182(a)(14).

In conclusion, therefore, because we now find, as did the district court, that there was no . adequate support upon which the RMA could have made his decision to deny appellee's labor certification application and that said denial, under the facts and circumstances of the instant case, constituted an abuse of discretion, we hereby affirm the judgment of the court below.