Rajendra M. PARIKH and Mahendrakumar T. Patel, Plaintiffs,

v.

REGIONAL MANPOWER ADMINISTRATOR OF the UNITED STATES DEPARTMENT OF LABOR, Defendants.

No. 75 C 4304.

United States District Court, N. D. Illinois, E. D.

July 26, 1976.

---

7. 42 U.S.C. § 3612(c) limits punitive damages to $1,000. 42 U.S.C. § 1982 has no fixed limit on punitive damages.

Samuel D. Myers, Freedman, Freedman & Myers, Ltd., Chicago, Ill., for plaintiffs.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on a motion for summary judgment by defendant Regional Manpower Administrator of the United States Department of Labor (the "R.M.A.").

In this action plaintiffs seek judicial review of an adverse action taken by the R.M.A. with respect to their employment certification applications.

Jurisdiction is invoked under 28 U.S.C. § 2201 for a declaratory judgment, under 5 U.S.C. § 704 for review under the Administrative Procedure Act, and under 28 U.S.C. § 1361 for a writ of mandamus.

Plaintiffs are aliens trained as industrial engineers who are seeking "third preference" visas to work in Chicago pursuant to 8 U.S.C. § 1153(a)(3) which provides:

Visas shall next be made available . . . to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States.

In order to be eligible for such a visa, each plaintiff must meet two criteria: (1) his profession must be one in which there is an insufficient number of "able, willing, qualified and available" workers in the United States at the place where the alien intends to work; and (2) his employment cannot affect wages and working conditions of similarly employed workers. 8 U.S.C. § 1182(a)(14).

In each case, plaintiffs were denied visas when Analyst Crisanti found that there were sufficient available industrial engineers. Upon reconsideration of each case, the reviewing officer affirmed denials of certification.

Defendant argues that each decision must stand because: (1) it is facially legitimate and bona fide, and (2) it is based upon applicable law and correct standards and is a rational, methodical and mandated use of discretion.

Plaintiffs first respond that the court must decide whether a decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and whether a decision is based on a consideration of insufficient or unreliable evidence. This Court agrees that this is a correct statement of the Seventh Circuit standard. *See Shuk Yee Chan v. Regional Manpower Administrator of the United States Department of Labor*, 521 F.2d 592, 594 (7th Cir. 1975).

Plaintiffs further respond that defendant's decision in each case was arbitrary, did not consider all the relevant facts and constituted a clear error of judgment.

Plaintiffs' basic argument is that defendant abused his discretion when he based his decisions on insufficient evidence. This Court agrees.

Certification should not be denied unless there is a determination that there is a sufficient number of workers who are "able, willing, qualified and available." 8 U.S.C. § 1182(a)(14). Such a finding does not appear in the administrative record.

Despite several recent Seventh Circuit decisions which have expressed concern over primary reliance upon computerized statistics from state employment agencies, defendant apparently has continued to rely upon such statistics. *See, e. g., First Girl, Inc. v. Regional Manpower Administrator of the United States Department of Labor,* 499 F.2d 122 (7th Cir. 1974).

In addition to relying on questionable Illinois state statistics, defendant included statistics from Indiana, Michigan, Minnesota, Ohio and Wisconsin and information from colleges in Michigan, Minnesota and Wisconsin that twenty-one of their graduates were seeking employment as industrial engineers. However, defendant has made no showing that the denials of certification were based upon evidence of the availability of permanent resident workers who were *able, willing, qualified and available* on the dates in question.

■ In addition, plaintiffs contend that defendant improperly considered information about American workers outside of Chicago. This Court does not feel such consideration itself is erroneous. However, the record does not indicate that those workers would, in fact, be "available" according to statutory requirements.

Defendant's decisions to deny certification to plaintiffs were made and reconsidered prior to the recent Seventh Circuit decision which indicated clear disapproval of reliance upon the type of data used by defendant. *See Shuk Yee Chan, supra,* at 595. This Court believes that defendant should be given the opportunity to reconsider its earlier determinations in light of this later authority.

Accordingly, defendant's motion for summary judgment is denied and the action is remanded to defendant for proceedings consistent with the Seventh Circuit Decisions and this Opinion.