**Wladyslaw GLADYSZ, Plaintiff,**

v.

**Raymond J. DONOVAN, Secretary of Labor, and United States Department of Labor, Employment and Training Administration, Defendants.**

No. 83 C 4957.

United States District Court,
N.D. Illinois, E.D.

June 18, 1984.

Richard J. Puchalski, Doss, Puchalski, Keenan & Bargiel, Ltd., Chicago, Ill., for plaintiff.

Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Wladyslaw Gladysz ("Gladysz") sued Raymond J. Donovan ("the Secretary") and the United States Department of Labor, Employment and Training Administration seeking declaratory and injunctive relief from denial of labor certification pursuant to 8 U.S.C. § 1182(a)(14).[1] Presently before the Court are the parties' cross-motions for summary judgment. In the alternative, the Secretary has filed a motion to dismiss. For reasons set forth below, Gladysz's motion for summary judgment is denied. The Secretary's motion to dismiss

is denied, but his motion for summary judgment is granted.

Summary judgment is appropriate where there are no genuine issues of material fact relevant to judgment in movant's favor. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir.1979). The nonmovant is entitled to the benefit of any reasonable inferences which may be made from facts in the materials submitted, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Factual disputes, moreover, do not preclude summary judgment unless they are outcome determinative. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). It is with these standards in mind that we consider the parties' motions.

Noon Hour Food Products ("the employer") filed an application for alien labor certification pursuant to 8 U.S.C. § 1182(a)(14) on behalf of Gladysz. The employer sought certification for a machine rebuilder. The Department of Laobr issued a Notice of Findings proposing to deny certification, based upon the employer's failure to post a notice of the job opportunity which directed prospective job applicants to the employer itself, as required by 20 C.F.R. § 656.21(b)(3)(i).[2] The Department of Labor added that the employer failed to clearly document its reasons for rejecting the applications of United States workers.

1. According to 8 U.S.C. § 1182(a)(14),

Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\* \* \* \* \* \*

(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (A) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of aliens who are members of the teaching profession or who have exceptional ability in the sciences or the arts), and available at the time of application for a visa

and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to preference immigrant aliens described in section 1153(a)(3) and (6) of this title, and to non-preference immigrant aliens described in section 1153(a)(7) of this title.

2. These regulations require, *inter alia*, that an employer post within its organization notices of the job opportunity which direct applicants to report to the employer.

In response, the employer submitted documents attempting to rebut the Notice of Findings. These included a revised job notice, and applications of prospective employees who appeared at the employer's premises. The Department of Labor issued a second Notice of Findings which proposed to deny certification because copies of applicants' resumes submitted by the employer were not legible, and because two of the applicants rejected by the employer were in fact qualified for the position. The Department of Labor subsequently denied labor certification in a Final Action Notice, declaring that the employer failed both to respond meaningfully to the second Notice of Findings, and to submit clear and sufficient documentation that the United States workers who had applied for the job were rejected solely for job-related reasons.

The employer did not seek review of the Final Action Notice. According to regulations promulgated by the Secretary of Labor, review of the denial of labor certification may be sought by the employer or by the alien if the employer requests such review as well. 20 C.F.R. § 656.26(a).[3] The Secretary therefore argues that Gladysz lacks standing to challenge denial of the labor certification. He adds that the case is moot, since no jobs for which Gladysz might be certified exists. Denial of certification, according to the Secretary, was neither arbitrary nor capricious.

Gladysz asserts that he has standing to seek judicial review of the labor certification denial, and that this matter is not moot. He claims the labor certification denial was arbitrary and capricious, and adds that the regulations which refuse administrative review of labor certification to aliens violate the due process clause of the Fifth Amendment and deny him equal protection of the laws.

### Standing

Based upon the aforecited regulations, 20 C.F.R. § 656.26(a), the Secretary argues

that the case must be dismissed or, alternatively, summary judgment be granted because Gladysz lacks standing to challenge the denial of the labor certification. The parties agree that the two-pronged test of standing, first set forth in *Association of Data Processing Service Organization v. Camp*, 397 U.S. 150, 152–153, 90 S.Ct. 827, 829–830, 25 L.Ed.2d 184 (1970), controls this Court's analysis. *See also Stenographic Machines v. Regional Administrator*, 577 F.2d 521, 528 (7th Cir.1978); *Marshall v. Heimann*, 652 F.2d 685, 691 (7th Cir.1981), *cert. denied*, 455 U.S. 981, 102 S.Ct. 1489, 71 L.Ed.2d 691 (1982) (both cases applying the two-pronged test). *Data Processing* requires first that the challenged agency action cause an "injury in fact, economic or otherwise." 397 U.S. at 152, 90 S.Ct. at 829. Secondly, the interest the plaintiff seeks to protect must fall "arguably within the zone of interests to be protected or regulated by the statute … in question." *Id.* at 153, 90 S.Ct. at 830.

■ The Secretary does not contend that Gladysz fails to meet the first part of the test. Clearly, the denial of a labor certification worked an "injury in fact, economic or otherwise" on Gladysz. However, the Secretary contends that the plaintiff does not meet the second, or "zone of interests," test. He claims that Congress designed § 1182(a)(14) to protect American workers from foreign competition while still allowing American employees to hire qualified employees. *See Production Tool v. Employment and Training Admin.*, 688 F.2d 1161, 1168 (7th Cir.1982); *Pesikoff v. Sec'y of Labor*, 501 F.2d 757, 761–762 (D.C.Cir. 1974) (discussing legislative history), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974). The Secretary concludes that since the legislative history of § 1182(a)(14) focusses on the welfare of American workers and employers, aliens fall outside the "zone of interests" of the

---

**3.** According to 20 C.F.R. § 656.26(a),
[i]f a labor certification is denied, a request for an administrative-judicial review of the denial may be made:

(1) By the employer; and
(2) By the alien, but only if the employer also requests such a review.

statute. We believe the Secretary's analysis is contrary to the law of this Circuit, and that it reads the "zone of interests" test too narrowly.

The Seventh Circuit has applied the "zone of interests" test and rejected the Secretary's identical argument, squarely holding that an alien has standing under § 10 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, to obtain judicial review of a denial of a labor certification under § 1182(a)(14). *Stenographic Machines, Inc. v. Regional Administrator,* 577 F.2d 521, 528 (7th Cir.1978). Other courts have also held that aliens arguably fall within the zone of interests regulated by § 1182(a)(14). *See Reddy v. U.S. Dept. of Labor,* 492 F.2d 538, 543–544 (5th Cir. 1974); *Mukadam v. U.S. Dept. of Labor,* 458 F.Supp. 164, 167 (S.D.N.Y.1978). The Secretary cites no contrary authority to support his standing argument, and our search has uncovered none. As the Secretary concedes, *Stenographic Machines* reads the "zone of interests" test expansively, and, indeed, the plain language of the test is broad, requiring only that the interest fall *"arguably* within the *zone* of interests ... *regulated* by the statute." *Data Processing,* 397 U.S. at 153, 90 S.Ct. at 830 (emphasis added). Gladysz's interest in the machinist job does come within the "zone" of § 1182(a)(14), which explicitly "regulates" his chances to obtain that job.

Although *Stenographic Machines* seems to dispose of the standing issue, the Secretary tries to distinguish the case, contending that it was decided before the effective date of the regulation which denies "administrative-judicial review" to aliens unless "the employer also requests such a review." 20 C.F.R. § 656.26(a)(2). At the outset we observe that, contrary to the Secretary's assertion, this regulation was promulgated *before Stenographic Machines* was decided. *See* 42 Fed.Reg. 3448 (January 18, 1977).[4] However, the Seventh Circuit did not address the potential conflict between its holding and the regulation.[5] For the following reasons, we hold that *Stenographic Machines* still controls this case, and that Gladysz has standing under the APA, 5 U.S.C. § 702, to seek review of the adverse labor certification decision.

■ The Secretary contends that he had the power to override the statutory command of the APA (as construed in *Stenographic Machines* ) that an alien has standing to challenge a labor certification denial. It is true that Congress has granted the Secretary plenary power to formulate the administrative procedures under which he will decide labor certification petitions. *See Production Tool, supra,* 688 F.2d at 1166–1167. But even if he has the power to deny or restrict an alien's right to "administrative" review, the Secretary has gone one step further and tried to deny "administrative-*judicial* review" to an alien seeking review. 20 C.F.R. § 656.26(a) (1980) (emphasis added). The Department of Labor cannot unilaterally override the review provisions of the APA, a Congressional Act; only Congress can do so. It is elementary that "[t]he rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, 'it is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.'" *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 213–214, 96 S.Ct. 1375, 1391, 47 L.Ed.2d 668 (1976), *quoting Dixon v. United States,* 381 U.S. 68, 74, 85 S.Ct. 1301, 1305, 14 L.Ed.2d 223 (1965). The relevant statute in this case, 8 U.S.C. § 1182(a)(14), does not speak directly to judicial review, but neither does it foreclose review under the APA or expressly authorize the Secretary to do so. In light of *Stenographic Machines'* holding that review is otherwise

---

**4.** The Secretary rightly notes that 20 C.F.R. Part 656 was amended in 1980. *See* 45 Fed.Reg. 83,926 (Dec. 19, 1980). But the regulation in dispute here, 20 C.F.R. § 656.26(a)(2), was not changed during the 1980 overhaul of Part 656.

**5.** The Court's failure to address the conflict might have stemmed from the timing of that case. The Circuit decision came down in 1978, but the administrative proceedings took place before the 1977 promulgation of § 656.26(a)(2).

available under the APA, we must ask how Congress in the APA provided for judicial review to be precluded.

■ Access to judicial review under the APA can be denied where *"statutes* preclude judicial review," 5 U.S.C. § 701(a)(1) (emphasis added), or where "agency action is committed to agency discretion *by law."* 5 U.S.C. § 701(a)(2) (emphasis added). These "generous review provisions [of the APA] must be given a hospitable interpretation," and that "only upon a showing of clear and convincing evidence of a contrary *legislative* intent should the courts restrict access to judicial review." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967) (emphasis added). As noted above, § 1182(a)(14) shows no evidence, let alone "clear and convincing evidence," of a *legislative* intent to foreclose an alien's right to judicial review under the APA of a labor certification denial. *See Reddy, Inc. v. U.S. Dept. of Labor,* 492 F.2d 538, 543–544 (holding that the APA grants a right to judicial review to an alien denied labor certification, and that § 1182(a)(14) does not foreclose APA review); *Sec'y of Labor of United States v. Farino,* 490 F.2d 885, 888 (7th Cir.1973) (§ 1182(a)(14) does not preclude APA review or commit labor cert. denials to agency discretion). Given the absence of legislative intent to foreclose judicial review, the Secretary cannot unilaterally "make law," *Ernst & Ernst v. Hochfelder, supra,* and prevent judicial review of his own decisions. Thus, 20 C.F.R. § 656.26(a) does not and cannot override *Stenographic Machines'* holding that an alien enjoys standing under the APA to challenge a denial of labor certification.

To the extent that § 656.26(a) is inconsistent with APA's grant of judicial review to aliens, it is invalid. Gladysz therefore has standing to pursue this action, and the Secretary's motion to dismiss is denied.[6]

### *Review of the Secretary's Decision*

■ Before turning to the merits of this controversy, we must establish the standard of review for the denial of alien labor certification. The Certifying Officer's order denying certification must be sustained unless it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Stenographic Machines, Inc. v. Regional Administrator,* 577 F.2d 521, 524 (7th Cir.1978). Our inquiry is whether the administrative decision was based on a consideration of the relevant factors, whether there has been a clear error of judgment and whether the Secretary's action followed the necessary procedural requirements. *Secretary of Labor v. Farino,* 490 F.2d 885, 889–90 (7th Cir.1973). An abuse of discretion has been found, for example, where certification is denied on the basis of evidence which is not sufficient or reliable enough to support such a finding. *First Girl, Inc. v. Regional Manpower Administration,* 499 F.2d 122, 124 (7th Cir.1974).

In *Production Tool v. Employment and Training Administration,* 688 F.2d 1161 (7th Cir.1982), the Seventh Circuit upheld regulations contained in 20 C.F.R. § 656 which placed a burden of production upon the employer in alien labor certifications with respect to efforts to recruit United States workers. *Id.* at 1170.[7] The Court

---

6. In support of its argument that Gladysz's claim is moot, the Secretary claims that since the employer has not appealed the denial of its labor certification application, there is no job for which Gladysz may be certified. The Secretary adds that because no employer is presently asserting that it has a job opportunity for the plaintiff to fill, this Court is incapable of providing a remedy to redress Gladysz's alleged injuries. Gladysz maintains, however, that he is still employed by the employer, who is prepared to file a petition for permanent residence on Gladysz's behalf. In light of our resolution of

the present motions, we need not resolve these factual disputes. Because these factual disputes are not outcome determinative, moreover, they do not preclude summary judgment. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

7. The regulations at issue in *Production Tool* required documentation which clearly showed that

(9)(i) The employer has advertised and is still advertising the job opportunity without

emphasized that "documentation of the employer's recruitment efforts will enable the Secretary to make an *informed* decision on the basis of *reliable* evidence." *Id.* But, as the Court noted, while employers bear the burden of production in labor certification proceedings, they do not bear the ultimate burden of persuasion.

Gladysz claims that the Secretary denied certification because the Certifying Officer determined, in a telephone conversation with two job applicants, that they could weld. From this, the Certifying Officer allegedly concluded that these individuals were qualified for the job. Gladysz emphasizes that the Department of Labor does not have the privilege of determining whether a particular applicant is qualified for the job in question. *Digilab, Inc. v. Secretary of Labor*, 495 F.2d 323, 326 (1st Cir.1974), *cert. denied*, 419 U.S. 840, 95 S.Ct. 70, 42 L.Ed.2d 67 (1974).

█ We agree that it is not the role of the Secretary to determine whether particular United States workers are qualified for the job. Since denial of certification based upon evidence which was challenged

and shown not to be reliable has been held to constitute an abuse of discretion, *e.g.*, *Stenographic Machines, Inc. v. Regional Administrator*, 577 F.2d 521 (7th Cir. 1978), reliance solely upon the *ex parte*, self serving statements of two job applicants might indeed be an arbitrary and capricious basis for denying labor certification.

█ But certification in the instant case was not denied because of the telephone contact with the two applicants. Rather, the employer failed to comply with the Secretary's regulations concerning its reasons for not hiring United States applicants, 20 C.F.R. § 656.21(b)(7) and (j)(1).[8] These regulations require, *inter alia*, that the employer explain with specificity the lawful job-related reasons for not hiring each United States worker interviewed for the job. In light of these regulations, it was not arbitrary for the Secretary to deny certification based upon the fact that not every applicant's resume was legible and because the reasons for rejecting the applicants were not explained with specificity. Review of the administrative record indi-

---

success in such media as newspapers of general circulation, and ethnic and professional publications;

(ii) The employer's advertising offers prevailing working conditions and requirements and the prevailing wage for the occupation calculated pursuant to § 656.40 of this Part, states the rate of pay, offers training if the job opportunity is the type for which the employer customarily provides training, and offers wages, terms and conditions of employment which are no less favorable than those offered to the alien;

(iii) The employer's advertising describes the job opportunity with particularity; the documentation shall include a copy of at least one advertisement placed by the employer;

(iv) The employer's advertising has produced no satisfactory results.

20 C.F.R. § 656.21(b). Certifying officers are to examine the results of an employer's recruitment efforts in deciding whether a United States worker is willing to take a job. *Id.* § 656.-24(b)(2)(i). The employer's failure to comply with the application procedures constitutes a separate ground for denying certification. *Id.* § 656.24(b)(1).

**8.** These regulations provide, in relevant part, that

... [T]he employer shall submit, as part of every labor certification application, on the Application For Alien Employment Certification form or in attachments, as appropriate, the following clear documentation:

\* \* \* \* \* \*

(7) If U.S. workers have applied for the job opportunity, the employer shall document that they were rejected solely for lawful job-related reasons.

20 C.F.R. § 656.21(b)(7).

(j)(1) The employer shall provide to the local office a written report of the results of all the employer's post-application recruitment efforts ... The report of recruitment results shall:

(i) Identify each recruitment source by name;

(ii) State the name of U.S. workers responding to the employer's recruitment;

(iii) State the names, addresses, and provide resumes (if any) of the U.S. workers interviewed for the job opportunity and job title of the person who interviewed each worker; and

(iv) Explain, with specificity, the lawful job-related reasons for not hiring each U.S. worker interviewed.

20 C.F.R. § 656.21(j)(1).

cates that more than one applicant was rejected "because he lacked qualifying experience." Such a statement neither explains with particularity the reasons for not hiring an applicant, nor meets the employer's burden of production pursuant to 20 C.F.R. § 656. We cannot therefore conclude that the Secretary's denial of labor certification was arbitrary or capricious.

For the foregoing reasons, Gladysz's motion for summary judgment is denied, the Secretary's motion to dismiss is denied, but his motion for summary judgment is granted.[9] It is so ordered.

9. In Count II of his amended complaint, Gladysz claims that 20 C.F.R. § 656.26 violates his rights to due process and equal protection because it precludes him from obtaining administrative review of a labor certification denial unless the employer also seeks such review. However, he has not identified a similarly situated class of individuals receiving disparate treatment, and he does not support his assertion that the regulations deprive him of a property interest without due process. Neither the statute nor the Secretary's labor certification regulations create a property interest on the part of Gladysz. The Secretary is therefore entitled to summary judgment with respect to Count II as well.